United States District Court
Southern District of Texas
**ENTERED**
September 24, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OSMANY HERNANDEZ IRIARTE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-6221 |
| | § | |
| RAYMOND THOMPSON, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Osmany Hernandez Iriarte ("Petitioner"), a citizen of Cuba, entered the United States without inspection on July 21, 2024.[1] In July of 2024, Petitioner was served with a Notice to Appear, but his removal proceedings were terminated in October of 2024.[2] Petitioner was then issued an I-94 form granting him temporary discretionary parole until April 24, 2026.[3]

On July 21, 2026, Petitioner was taken into immigration custody.[4] That same day Petitioner was served with another Notice to Appear, charging him with inadmissibility pursuant to 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I).[5] On August 5, 2026, the Department of Homeland

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief ("Habeas Petition"), Docket Entry No. 1, p. 4 ¶ 7; Motion to Stay and, in the Alternative, for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 6, p. 3. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 6, pp. 3–4.

[3]Id. at 5.

[4]Id. at 3–4.

[5]Notice to Appear, Exhibit 4 to Respondents' MSJ, Docket Entry No. 6-4, pp. 2, 5.

Security amended the charges to only include removal subject to § 1182(a)(7)(A)(i)(I).[6] Petitioner is currently in removal proceedings and remains in immigration custody.[7]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act and due process.[8] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 6). Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[9] Petitioner has filed a response.

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi,166 F.4th 494, 498, 502 (5th Cir. 2026). This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

---

[6]Respondents' MSJ, Docket Entry No. 6, p. 5.

[7]Id.

[8]Habeas Petition, Docket Entry No. 1, pp. 9–13 ¶¶ 32–51.

[9]Respondents' MSJ, Docket Entry No. 6, pp. 1–3.

For the reasons explained above, Respondent's Motion for Summary Judgment (Docket Entry No. 6) is **GRANTED,** and Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 23rd day of September, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE